AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Jorge MENDEZ-BAMACA<br>a/k/a Anbel M PEREZ<br>a/k/a Jorge Anbel ROMERO<br><br>*Defendant(s)* | Case No.<br>6:25-mj-1035 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 16, 2025__ in the county of __Seminole__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(2). | Illegal re-entry after deportation. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Mark Annotti, DO, DHS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: January 17, 2025

_____
*Judge's signature*

City and state: Orlando, Florida

Robert M. Norway, U.S. Magistrate Judge
*Printed name and title*

STATE OF FLORIDA                        CASE NO. 6:25-mj-1035

COUNTY OF ORANGE

### AFFIDAVIT IN SUPPORT OF THE ISSUANCE OF A CRIMINAL COMPLAINT

I, Mark Annotti, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Deportation Officer (DO) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement Removal Operations (ERO), and have been employed with DHS/ICE/ERO for 21 years. I am currently appointed as the ERO Criminal Prosecutions (ECP) Officer assigned to Orlando, Florida. My duties include the investigation, arrest, and prosecution of cases involving persons who are illegally residing in the United States in violation of federal law.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that a violation of federal law has been committed.

3. On January 16, 2025, the Seminole County Sheriff's Office (SCSO) arrested **Jorge MENDEZ-BAMACA**, a/k/a Anbel M PEREZ, a/k/a Jorge Anbel ROMERO, and booked him into the Seminole County Jail (SCJ) based on state criminal charges of (1) operate motor vehicle without valid license, (2) failure to register motor vehicle, (3) attached registration license plate not assigned, and (4) false identification to law enforcement officer (case number not yet assigned). Following his arrest, the SCJ booking system automatically forwarded **MENDEZ-BAMACA's** information to the Alien Criminal Response Information Management System (ACRIMe) national database.

4. On January 16, 2025, Supervisory Detention and Deportation Officer (SDDO) Marshall Vliet identified **MENDEZ-BAMACA's** information in ACRIMe, verified his identity, and determined that he likely was in the United States illegally. SDDO Vliet filed an ICE immigration detainer on **MENDEZ-BAMACA** with the SCJ.

5. On January 17, 2025, DO David Marrero contacted the Florida Department of Law Enforcement (FDLE), Biometric Service Section, and requested/received **MENDEZ-BAMACA's** fingerprints relating to the SCJ booking on January 16, 2025. On January 17, 2025, DO Marrero submitted this set of fingerprints to the Federal Bureau of Investigation Criminal Justice

Information Services Division (also referred to as IAFIS). IAFIS analyzed the set of fingerprints and found them to match **MENDEZ-BAMACA** and his unique FBI number. DO Marrero forwarded **MENDEZ-BAMACA's** case to me because it falls under the guidelines of my assigned duties as the ECP Officer.

6. A review of various databases and ICE records disclosed that **MENDEZ-BAMACA** has an Alien File Number (A xxx xxx 443). He was born in 1991, in Huehuetenango, Guatemala. He is a citizen of Guatemala and not a citizen of the United States. On or about January 24, 2019, **MENDEZ-BAMACA** was administratively ordered deported/removed from the United States to Guatemala. **MENDEZ-BAMACA** was physically removed from the United States to Guatemala on or about February 26, 2019.

7. **MENDEZ-BAMACA** has never applied to the Attorney General of the United States and/or the Secretary of the Department of Homeland Security for permission to re-enter the United States after being removed/deported from the United States.

8. A criminal history check revealed that **MENDEZ-BAMACA** was convicted of fleeing or attempting to elude siren lights, a felony violation of Florida law, on November 24, 2015; he was sentenced to 120 days imprisonment (case 59-2015-CF-002996 – Seminole County, Florida).

MENDEZ-BAMACA was also convicted of possession of cocaine, a felony violation of Florida law, on May 1, 2018; he was sentenced to 4 months imprisonment (case 48-2017-CF-008354 – Orange County, Florida). Finally, MENDEZ-BAMACA was convicted of lewd and lascivious molestation, an aggravated felony violation of Florida law, on November 15, 2018; he was sentenced to 48 months sex offender probation (case 03-2017-CF-003555 – Bay County, Florida).

9. Based on the foregoing, there is probable cause to believe that on or about January 16, 2025, MENDEZ-BAMACA was found to be in the United States voluntarily after being previously removed or deported, in violation of 8 U.S.C. § 1326(a) and (b)(2).

Mark Annotti
Deportation Officer
Immigration & Customs Enforcement

Subscribed and sworn to before me
this 17th day of January, 2025.

HON. ROBERT NORWAY
United States Magistrate Judge